**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |
|---|---|
| EDWARD J. ROMAN, Sr., : | Civil Action No. 16-7256 (RMB) |
| Petitioner, : |  |
| v. : | **OPINION** |
| WILLIE BONDS, Administrator : South Woods State Prison, : |  |
| Respondent. : |  |

APPEARANCES:

Robert Carter Pierce, Esq.
3350 Route 138
Building 1, Suite 113
Wall, NJ 07719
    On behalf of Petitioner

Gretchen Anderson Pickering, Assistant Prosecutor
Cape May County Prosecutor's Office
4 Moore Road-DN-110
Cape May Courthouse, NJ 08210
    On behalf of Respondent

**BUMB, United States District Judge**

On October 14, 2016, Petitioner Edward J. Roman, Sr., a state prisoner incarcerated in South Woods State Prison in Bridgeton, New Jersey, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his March 2003 conviction and sentence in Cape May County, New Jersey for aggravated manslaughter. (Pet.,

ECF No. 1, ¶¶1-5.) This Court administratively terminated the petition on November 15, 2016 for failure to name a proper respondent. (Order, ECF No. 2.) Petitioner filed an amended petition on December 4, 2017. (Am. Pet., ECF No. 3.) This Court ordered Respondents to file an answer or motion to dismiss. (Order, ECF No. 4.)

This matter comes before the Court upon Respondents' motion to dismiss the petition as barred by the statute of limitations, (Mot. to Dismiss, ECF No. 6), and Petitioner's Certification in Opposition to Motion to Dismiss Petition for Writ of Habeas Corpus. (Robert Carter Pierce Certification ("Pierce Cert.") ECF No. 8.) For the reasons discussed below, Respondent's motion to dismiss is denied.

I. PROCEDURAL HISTORY

On April 16, 2002, a grand jury in Cape May County returned Indictment No. 02-04-00254 against Petitioner, charging him with first-degree murder, in violation of N.J.S.A. 2C: 11-3a(1) and (2) (Count One); second-degree endangering the welfare of a child, in violation of N.J.S.A. 2C:24-4a (Counts Two and Three); and second-degree aggravated assault, in violation of N.J.S.A. 2C:12-1b(l). (Certification of Gretchen A. Pickering ("Pickering Cert."), Ex. 1, ECF No. 6-2.) On January 22, 2003, a jury found Petitioner not guilty of murder, but guilty of the lesser included offense of

first-degree aggravated manslaughter. (Pickering Cert., Exs. 7, 8, ECF Nos. 6-8 and 6-9.)

On March 3, 2003, the Honorable Carmen H. Alvarez sentenced Petitioner to twenty-seven years in prison subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. (Id., Ex. 9, ECF No. 6-10 at 20.) Petitioner appealed on April 22, 2003. (Id., ECF No. 6-1, ¶14.)

On December 23, 2005, the Superior Court of New Jersey, Appellate Division, affirmed Petitioner's conviction. State v. Roman, 887 A.2d 715 (App. Div. 2005). The New Jersey Supreme Court granted certification but on January 18, 2007, it dismissed certification as improvidently granted. State v. Roman, 188 N.J. 219 (2006); State v. Roman, 189 N.J. 420 (2007). Petitioner did not file a petition for certiorari with the United States Supreme Court.

On June 13, 2007, Petitioner filed a petition for post-conviction relief ("PCR"), which he amended on March 28, 2008. (Id., Exs. 13-14, ECF Nos. 6-14, 6-15). The PCR court denied Petitioner's amended PCR petition on August 13, 2008. (Id., Exs. 15-16, ECF Nos. 16, 17.) On October 19, 2010, the Appellate Division affirmed the PCR court decision in part and reversed in part. (Id., Ex. 17, ECF No. 6-18.) Petitioner filed a petition for certification in the New Jersey Supreme Court, regarding the claims denied by the PCR Court. (Id., ECF No. 6-1, ¶20.) The New Jersey

Supreme Court denied the petition on March 16, 2011. (Pickering Cert., Ex. 18, ECF No. 6-19.)

At a hearing on March 20, 2012, and by order dated June 14, 2012, the Honorable Raymond A. Batten, J.S.C. denied Petitioner's remanded PCR petition. (Pickering Cert., Exs. 23, 24, ECF Nos. 24-25.) Petitioner appealed on November 5, 2012. (Id., Ex. 25, ECF No. 6-26.) On June 23, 2015, the Appellate Division affirmed the denial of the remanded PCR, (Id., Ex. 26, ECF No. 6-27) and on November 6, 2015, the Supreme Court of New Jersey denied Petitioner's petition for certification. (Id., Ex. 27, ECF No. 6-28.)

In the meantime, Petitioner filed a motion for resentencing pursuant to N.J. R. 3:21-10(b)(5) and State v. Natale, 184 N.J. 458 (2005) on September 12, 2016. (Pierce Cert., Ex. B, ECF No. 8-2.) The New Jersey Supreme Court, in Natale, retroactively applicable to "cases in the pipeline," ordered resentencing of all affected persons to determine whether the absence of a presumptive term in the trial court's weighing process required imposition of a different sentence. (Id., ¶5.) Petitioner's case was "in the pipeline" when Natale was decided. (Id., ¶7.)

Petitioner was resentenced and a Change of Judgment of Conviction and Order of Commitment was entered on November 11, 2016. (Id., Ex. C, ECF No. 8-3 at 2.) Petitioner appealed, and the

Appellate Division affirmed the sentence on May 3, 2017. (Pierce Cert., Ex. D, ECF No. 8-4.)

Petitioner placed his original Petition for Writ of Habeas Corpus in the prison's legal mail system on October 3, 2016, and it was filed on October 14, 2016. (Pet., ECF No. 1 at 15.) This Court administratively terminated the petition for failure to name a proper respondent. (Order, ECF No. 2.) Petitioner placed an amended habeas petition in the prison's legal mail system on November 29, 2017, and it was filed on December 4, 2017. (Am. Pet., ECF No. 3.)

II. DISCUSSION

A. The Parties' Arguments

Respondents submit that the habeas petition is untimely under 28 U.S.C. § 2244(d)(1)(A), which provides for a one-year . statute of limitations for petitions under § 2254. (Pickering Cert., ECF No. 6-1, ¶28.) Respondents assert that Petitioner's direct review became final and the one-year period began on March 19, 2007, 90 days after the New Jersey Supreme Court denied certification. (Id., ¶36.)

Petitioner filed his petition for post-conviction relief on June 13, 2007, tolling the statute of limitations. (Id., ¶37.) Fifty-eight days of the statute of limitations ran before the PCR petition was filed. (Id., ¶47.) Petitioner's PCR petition was denied, the Appellate Division reversed in part and remanded for

5

an evidentiary hearing. (Pickering Cert., ECF No. 6-1, ¶40.) The PCR petition was denied on remand, the Appellate Division affirmed, and on November 6, 2015, the Supreme Court of New Jersey denied certification. (Id., ¶¶42-44.) Petitioner contends 343 days of the one-year statute of limitations ran from November 6, 2015, the date the Supreme Court of New Jersey denied certification on the PCR remand, and October 14, 2016, the date the habeas petition was filed. (Pickering Cert., ECF No. 6-1, ¶49.) Thus, when the 58 days after direct review are added to the 343 days after PCR review, there were 401 days before the habeas petition was filed, which is beyond the one-year limitations period. (Id., ¶50.)

In opposition to Respondents' motion to dismiss, Petitioner contends his judgment of conviction did not become final until 2017, because the sentence was amended pursuant to Natale on November 16, 2016. (Pierce Cert., ECF No. 8, ¶¶47-51.) Petitioner filed his habeas petition on October 14, 2016 (Pet., ECF No. 1), and he filed an amended petition on December 4, 2017 (Am. Pet., ECF No. 3.)

B. Legal Standard

28 U.S.C. § 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

After a petitioner seeks review from the State's highest court, the judgment of conviction becomes final, and the limitations period begins to run after expiration of the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000). A properly-filed application for post-conviction relief tolls the habeas statute of limitations under 28 U.S.C. § 2244(d)(2). Pace v. Diguglielmo, 544 U.S. 408, 410 (2005).

7

"Final judgment in a criminal case means sentence. The sentence is the judgment." Burton v. Stewart, 549 U.S. 147, 156 (2007) (quoting Berman v. United States, 302 U.S. 211, 212 (1937). Thus, when a petitioner is resentenced, direct review is not final until the expiration of time for seeking review of the resentencing. See e.g. Ardis v. Attorney General of New Jersey, Civ. Action No. 17-2912(JBS), 2018 WL 1169119, at *2 (Mar. 6, 2018). A habeas petition is filed, for purposes of the statute of limitations, at the moment the prisoner delivers the petition to prison officials for mailing to the district court. Jones v. Morton, 195 F.3d 153, 157-58 (3d Cir. 1999).

C. Analysis

Petitioner delivered his original habeas petition to prison officials for filing in the district court on October 3, 2016, but his state court claims were unexhausted at that time by virtue of his pending motion for resentencing pursuant to Natale. Petitioner was resentenced on November 16, 2016. Direct review of Petitioner's conviction and sentence became final on August 1, 2017, 90 days after denial of his appeal of the amended judgment and conviction on May 3, 2017. See e.g. King v. Johnson, Civ. Action No. 16-0654(KM), 2017 WL 1709596, at *2 n.2 (D.N.J. May 1, 2017). Petitioner placed a timely amended habeas petition in the prison mailing system on November 29, 2017 (Am. Pet., ECF No. 3 at 17),

after direct review of his amended judgment and conviction became final on August 1, 2017. Therefore, his habeas petition is timely.

III. CONCLUSION

For the reasons discussed above, Respondent's motion to dismiss is denied. Respondent must file a complete answer to the amended habeas petition.

An appropriate order follows.

Dated: August 17, 2018

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**