**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| EDWARD J. ROMAN, Sr., : | |
|  : | Civil Action No. 16-7256(RMB) |
| Petitioner  : | |
|  : | |
| v.  : | **OPINION** |
|  : | |
| WILLIE BONDS, *et al.*, : | |
|  : | |
| Respondents  : | |

**BUMB**, District Judge

This matter comes before the Court upon Petitioner's motion for reconsideration of the Court's opinion and order denying his petition for writ of habeas corpus under 28 U.S.C. § 2254. (Mot. for Reconsideration, Dkt. No. 24; Petr.'s Brief, Dkt. No. 25; Opinion, Dkt. No. 22; Order, Dkt. No. 23.) For the reasons discussed below, the Court will deny Petitioner's motion for reconsideration.

Petitioner asks the Court to reconsider granting a certificate of appealability on Ground Five of the Amended Petition. (Petr.'s Brief, Dkt. No. 25-1 at 4.) Petitioner asserts that the Court misconstrued the defense theory that the victim suffered only one blow to the head, and that counsel was

ineffective by not presenting any expert medical witness to testify on the victim's cause of death.

A motion for reconsideration is available "'to correct manifest errors of law or fact or to present newly discovered evidence.'" Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).

> Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995).

Id.

First, the Court understood the defense theory that the victim sustained only one blow to the head. Second, as the Court noted in its opinion denying habeas relief, habeas review of Ground 5(a) of the amended petition required review of the New Jersey Superior Court Appellate Division's 2015 decision, which affirmed the PCR court's denial of relief after remand for an evidentiary hearing. (Opinion, Dkt. No. 22 at 33-39.) The narrow issue under review was whether Petitioner's counsel refused to call Dr. Shane to testify because Petitioner did not pay the $2,500.00 testimonial fee. (App.

Div. Opinion, Dkt. No. 18-46 at 8.) The case was not remanded to determine why trial counsel did not obtain a different expert witness. This Court reviewed the Appellate Division's opinion, giving the appropriate deference required for ineffective assistance of counsel claims on habeas review. See Woods v. Etherton, 136 S. Ct. 1149, 1151 (2016) ("When the claim at issue is one for ineffective assistance of counsel, moreover, AEDPA review is "doubly deferential[.]"")  (quoting Cullen v. Pinholster, 563 U.S. 170, 190 (2011)).

Likewise, the Court understood the issue in Ground 5(b), whether trial counsel provided ineffective assistance by failing to request a mistrial or to strike Dr. Boal's testimony that E.R. sustained multiple skull fractures and brain injury. The Court afforded appropriate deference to the state court's denial of that claim. (Opinion at 39-45.) Therefore, the Court will deny Petitioner's motion for reconsideration because Petitioner has not presented a clear error of law or fact.

Dated: May 29, 2020

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

3